ROBB, Judge,
concurring.
I concur in the majority opinion. However, I write separately regarding the search and seizure in Case # 127 because I believe the majority's statement of law applicable to the plain view doctrine is too broad.
The majority notes that "[ulnder the plain view doctrine, a police officer who is lawfully in a particular place may seize an item inadvertently discovered, so long as its incriminating nature is 'readily apparent." Op. at 90. Later, the majority notes that based on the Officer's testimony in this case, it is clear that the incriminating nature of the hand-rolled cigarette was not "immediately apparent or instantaneously ascertainable," citing Corwin, 962 N.E.2d at 122. Op. at 90-91. The plurality opinion in Coolidge v. New Hampshire, 403 U.S. 443, 465-70, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), set forth three requirements for a warrantless seizure pursuant to the plain view doctrine, including that it be "immediately apparent" that the item be evidence of a crime. In Texas v. Brown, 460 U.S. 730, 741, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), however, the Court noted "that the use of the phrase "immediately apparent" was very likely an unhappy choice of words, since it can be taken to imply that an unduly high degree of certainty as to the incriminatory character of evidence is necessary for an application .of the 'plain view' doctrine." Instead, "the seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with eriminal activity." Id. at 741-42, 103 S.Ct. 1585. Probable cause is a "flexible, common-sense standard" requiring that the facts available to an officer would warrant a man of reasonable caution in believing that an item "may be" contraband and does not require any showing that the belief is correct or even that it is more likely true than false. Id. at 742, 103 S.Ct. 1585. See also State v. Figgures, 839 N.E.2d 772, 779 (Ind.Ct.App.2005) (noting the "immediately apparent" prong does not mean that the officer must "know" that an item is contraband but only that he have probable cause to 'believe so; a " 'practical, nontechnical' probability that incriminating evidence is involved is all that is required."), trams. denied.
I believe the majority's analysis of the "immediately apparent" requirement of the plain view doctrine could be read to impose too high a bar on an officer in general. That the incriminating nature of an object is "immediately apparent" does not mean that the officer "absolutely knows" the item is evidence of a crime. Here, the Officer testified he had been an officer for approximately fourteen years and had conducted an average of fifty drug investigations per year, and he observed a hand-rolled cigarette behind Aslinger's ear. When the Officer asked what it was, Aslinger responded that it was a "B-2 cigarette"-some formulations of which are legal and some illegal. If the Officer had also testified that in his experience hand-rolled cigarettes are unusual and are often associated with marijuana and other *98 illegal substances, or if he had smelled marijuana before he had already seized the cigarette and smelled it up close, that might have been sufficient to constitute probable cause and meet the "immediately apparent" prong of the plain view doctrine. However, because the Officer testified only that he saw a hand-rolled cigarette-which, as the majority notes, is not inherently illegal-even under the Texas v. Brown clarification of the "immediately apparent" prong, there was no probable cause for seizing the cigarette. I therefore concur.